UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT A. HILTON,

                Appellant/Plaintiff,        1:14-CV-1463-GTS

v.

DEUTSCH BANK NATIONAL TRUST
COMPANY as Trustee for Ameriquest
Mortgage Securities Inc., Asset-Backed Pass-
Through Certificates, Series 2004-R11,

                Appellee/Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

OFFICE OF SANDRA POLAND DEMARS      SANDRA S. POLAND DEMARS, ESQ.
  Counsel for Appellant/Plaintiff
13 Country Lane
East Greenbush, NY 12061

HINSHAW & CULBERTSON LLP             KHARDEEN I. SHILLINGFORD, ESQ.
  Counsel for Appellee/Defendant             SCHUYLER B. KRAUS, ESQ.
800 Third Avenue, 13th Floor
New York, NY 10022

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this adversary proceeding filed by Robert A. Hilton ("Appellant" or "Plaintiff") against Deutsche Bank National Trust Company ("Appellee" or "Defendant"), is Plaintiff's appeal from a Decision and Order of Chief United States Bankruptcy Judge Robert E. Littlefield, Jr., granting Defendant's motion to dismiss Plaintiff's Adversary Complaint pursuant to Fed. R. Bankr. P. 7012. For the reasons set forth below, Plaintiff's appeal is denied, and Bankruptcy Judge Littlefield's decision is affirmed.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Adversary Complaint**

Generally, in his Adversary Complaint, Plaintiff alleges that on January 20, 2009, nearly four-and-a-half-years after Plaintiff executed a Note and Mortgage for $80,000 with Ameriquest Mortgage Company on August 31, 2004, Ameriquest's attorney-in-fact, Citi Residential Lending, Inc., purportedly assigned the Mortgage to Defendant as Trustee for the certificates of an affiliate of Ameriquest under a Pooling and Servicing Agreement ("PSA"); then, nearly four years later, on November 16, 2012, Homeward Residential, Inc., again purportedly assigned the Mortgage to Defendant as Trustee for the certificates of the affiliate of Ameriquest. (Dkt. No. 3.) Both these assignments occurred, alleges Plaintiff, despite the fact that "the Trust [for which Defendant was the Trustee] closed in 2004," rendering the assignments "fatally defective" due to a "break" in the "proper chain of title." (*Id*.) Based on these factual allegations, Plaintiff claims that Defendant's mortgage lien against Plaintiff's real property cannot be enforced because Defendant is not the proper owner of the Note and/or Mortgage. (*Id*.)

   B.   **Proceedings in Bankruptcy Court**

On May 9, 2014, Plaintiff filed his Adversary Complaint to determine the nature, extent and validity of Defendant's mortgage lien against real property owned by Plaintiff. (Dkt. No. 3.)

On July 11, 2014, Defendant filed a motion to dismiss Plaintiff's Adversary Complaint, pursuant to Fed. R. Bankr. P. 7012. (Dkt. No. 3, Attach. 6.) Generally, Defendant's motion asserted, *inter alia*, two arguments: (1) Defendant has the right to enforce the Mortgage because (a) as an initial matter, Plaintiff's verified Chapter 13 bankruptcy petition clearly acknowledges the validity of the debt in question by listing, and not disputing, a debt identical to the loan

owned to Defendant (including the amount owed and address of the collateral), and (b) in any event, the documents attached to Defendant's motion (specifically, the Note, the Mortgage, the PSA and the Mortgage Loan Schedule) clearly establish that Defendant holds, and was assigned, the Note and Mortgage; and (2) Plaintiff's claim that the Mortgage is void is meritless, because (a) the validity of the first assignment (which was merely "confirmatory" in nature) does not affect Defendant's right to enforce the Mortgage (especially given that the first assignment was followed by a re-assignment, which was "corrective" in nature), and (b) in any event, Plaintiff lacks standing to claim that the transfer of the Note and Mortgage to Defendant was improper in that he fails to allege that he is either a party to or a third party beneficiary of the PSA, or that he suffered an actual injury. (*Id.*)

Attached to Defendant's motion were, *inter alia*, the following four documents: (1) a copy of portions of the PSA including a Conveyance of Mortgage Loans from Ameriquest to Defendant (dated November 1, 2004, and executed on November 2, 2004); (2) a copy of the Note (which bears a loan number ending in "3329" and a date stamp of "11/12/2004"); (3) a copy of the Mortgage (which also bears a loan number ending in "3329" and a date stamp of "11/12/2004"); and (4) a copy of the Mortgage Loan Schedule indicating that a Mortgage bearing a loan number ending in "3329" had been assigned to Defendant at least by January 1, 2005. (Dkt. No. 3, Attach. 8; Dkt. No. 3, Attach. 9; Dkt. No. 3, Attach. 10; Dkt. No. 3, Attach. 11.)

On September 19, 2014, pre-oral argument briefing (which included the filing of a memorandum of law on July 11, the filing of an opposition to the motion on July 31, the filing of a reply memorandum of law on August 6, the conducting of a hearing on August 7, the filing of

3

an opposition memorandum of law on September 12, and the filing of a second reply memorandum of law on September 19) was completed on Defendant's motion. (Dkt. No. 3, Attach. 6; Dkt. No. 3, Attach. 15; Dkt. No. 3, Attach. 3; Dkt. No. 1, Attach. 2, at 3; Dkt. No. 3, Attach. 14; Dkt. No. 3, Attach. 4.)

On October 9, 2014, Chief Bankruptcy Judge Littlefield heard oral argument on Defendant's motion. (Dkt. No. 3, Attach. 19.) During oral argument, an issue arose regarding whether evidence existed that Defendant or its counsel was in possession of the original Note and Mortgage (and also whether it came into such possession "in a timely manner," i.e., "before the trust closed" in 2004). (*See, e.g., id*. at 20, 23-26, 30, 33, 35, 40-43, 49.) Defendant's counsel requested a continuance to submit a supplemental affirmation confirming that the original Note was being held by counsel, as bailee, for Defendant. (*Id*. at 49.) The Court granted the request and advised Plaintiff that, if Defendant's counsel could attest to possession of the original Note, as bailee, for Defendant, then "the arguments and the analysis is the same as in [*Hilton v. Bank of New York*, 14-90028, in which Chief Bankruptcy Judge Littlefield moments before had held that the defendant's possession of the original note was sufficient to establish its right to enforce the mortgage]." (*Id*. at 46-49.)

On October 10, 2014, Defendant's counsel filed a Supplemental Declaration confirming that counsel had received the original Note (endorsed in blank) and Mortgage at some point between May 9, 2014, and July 8, 2014, and that counsel was holding the Note and Mortgage as bailee. (Dkt. No. 3, Attach. 5.)

On November 19, 2014, Chief Bankruptcy Judge Littlefield entered an Order granting Defendant's motion to dismiss. (Dkt. No. 3, Attach. 13.)

On December 2, 2014, Plaintiff filed a Notice of Appeal.

C. **Parties' Arguments on Appeal**

1. **Plaintiff's Appellate Brief**

Generally, liberally construed, Plaintiff's appellate brief asserts two alternative arguments. (Dkt. No. 5.) First, Plaintiff argues, Defendant's motion to dismiss should have been denied for the following reasons: (a) Defendant's motion was impermissibly based on Fed. R. Bankr. P. 7012, which does not contain an independent basis for granting a motion to dismiss, but relies on Fed. R. Civ. P. 12(b)(6); (b) pursuant to the standard governing motions based on Fed. R. Civ. P. 12(b)(6), while Chief Bankruptcy Judge Littlefield could consider documents incorporated by reference in Plaintiff's Adversary Complaint, he could not consider the factual affidavit adduced by Defendant without converting the motion into one for summary judgment; and (c) excluding from consideration the factual affidavit, and considering only the factual allegations contained in Plaintiff's Adversary Complaint (which are to be accepted as true for purposes of Defendant's motion), Defendant is neither the holder of the Note nor the owner of the Mortgage, and thus cannot enforce the Mortgage. (*Id.*)

Second, Plaintiff argues, even if consideration of the factual affidavit were permitted, that consideration would not warrant granting Defendant's motion for the following reasons: (a) Chief Bankruptcy Judge Littlefield reasoned that (i) because the Mortgage Servicer possessed the Note, Defendant possessed the Note, (ii) because Defendant possessed the Note, Defendant possessed the Mortgage, and (iii) because Defendant possessed the Mortgage, Defendant could enforce the Mortgage; (b) however, under New York law, a party cannot prove standing to foreclose under a "pay to the order" Note that was indorsed in blank (such as the Note in question) by claiming mere *possession* of the Note (and especially not by claiming mere *constructive* possession of the Note), but must show that it is the *holder* of the Note, which

requires showing that there has been (i) a negotiation of the Note by means of the lender's endorsement and (ii) physical delivery of the Note; and (c) here, Defendant's factual affidavit makes no such showing. (*Id.*)

### 2. Defendant's Appellate Brief

Generally, Defendant's appellate brief asserts three arguments. (Dkt. No. 6.) First, Defendant argues, Chief Bankruptcy Judge Littlefield's dismissal of the Adversary Complaint was proper for the following reasons: (a) a court may consider a document outside the four corners of the complaint on a motion to dismiss for failure to state a claim if the document was incorporated by reference in the complaint and provided by the defendant as part of the motion to dismiss, and here both requirements were met with regard to the Note, Mortgage and PSA (including the Conveyance of Mortgage Loans from Ameriquest to Defendant); and (b) when construed together with the aforementioned documents, the Adversary Complaint does not present factual allegations of Defendant's non-ownership of the Note and Mortgage that are sufficient to raise a right to relief above the speculative level. (*Id.*)

Second, Defendant argues, indeed, based on the Adversary Complaint and documents incorporated by reference in it, Defendant is clearly the holder and the owner of the Note and Mortgage for the following reasons: (a) as an initial matter, it is irrelevant when Defendant received physical possession of the Note and Mortgage because this is not a foreclosure action; (b) in any event, based on the Note, Mortgage and PSA (including the Conveyance of Mortgage Loans from Ameriquest to Defendant), Defendant clearly became the holder and the owner of the Note and Mortgage before November 5, 2004 (on or about the date the Trust closed); (c) indeed, Plaintiff's verified Chapter 13 bankruptcy petition acknowledges the validity of the debt owned by Defendant by listing, and not disputing, a debt identical to the loan owned to

Defendant (including the amount owed and address of the collateral); (d) moreover, by failing to continue his arguments regarding the confirmatory and corrective assignments of the Mortgage during his appeal, Plaintiff has abandoned those arguments (and the claim on which they are based); and (e) Plaintiff's argument that the Note and Mortgage were "received . . . from the mortgage servicer, not from the Trustee or Document Custodian of the Trust" is nonsensical (because the servicer and entity serviced are one and the same for purposes of foreclosure) and in any event the argument is unsupported by the documents. (*Id*.)

Third, Defendant argues, Second Circuit precedent (specifically, *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79 [2d Cir. 2014]) bars Plaintiff from relying on an alleged violation of the PSA to support his claim, because he does not allege facts plausibly suggesting that (a) he is either a party to or a third-party beneficiary of the PSA, (b) he satisfied the Note and Mortgage, or (c) some other entity is seeking payment from him on the same Note. (*Id*.)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Appeal from Bankruptcy Court Decision

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a). Rule 8013 of the Federal Rules of Bankruptcy Procedure provides in pertinent part as follows:

> [o]n an appeal, the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.

Fed. R. Bankr. P. 8013. Thus, the district court must uphold the factual findings of a bankruptcy court unless they are clearly erroneous. *Hudson v. Harris*, 09-CV-1417, 2011 WL 867024, at *9 (N.D.N.Y. Mar. 10, 2011) (Scullin, J.). A district court may find a bankruptcy court's

determination to be clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364 [1948]). "[P]articularly strong deference [must be given to] a [bankruptcy] court's findings of fact based on credibility assessments of witnesses it has heard testify." *Pisculli v. T.S. Haulers, Inc. (In re Pisculli)*, 426 B.R. 52, 59 (E.D.N.Y. 2010), *aff'd*, 408 F. App'x 477 (2d Cir. 2011) (quoting *In re Boyer*, 328 F. App'x 711, 716 [2d Cir. 2009]). Although the bankruptcy court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. *H & C Dev. Group, Inc. v. Miner (In re Miner)*, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) (citation omitted).

The bankruptcy court's legal conclusions, however, are subject to de novo review. *See Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432, 435 (2d Cir. 2003). The court reviews mixed questions of law and fact either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual. *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 316 n. 11 [2d Cir. 2009]).

**B.     Legal Standard Governing Motion to Dismiss for Failure to State a Claim**

Rule 7012 of the Federal Rules of Bankruptcy Procedure permits, *inter alia*, the service of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) in response to an Adversary Complaint. *See* Fed. R. Bankr. P. 7012(b) ("Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings.").

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases);

9

*Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

11

any matter of which the court can take judicial notice for the factual background of the case.¹

### C. Legal Standard Governing Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Rule 7012 of the Federal Rules of Bankruptcy Procedure permits, *inter alia*, the service of a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) in response to an Adversary Complaint. *See* Fed. R. Bankr. P. 7012(b) ("Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings.").

Although sometimes raised on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), challenges to a litigant's standing are more-often properly raised on a motion for lack of subject-matter jurisdiction. *Compare Rent Stabilization Ass'n of City of N.Y. v.*

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

*Dinkins*, 5 F.3d 591, 594 (2d Cir. 1993) (stating that "dismissals for lack of standing may be made pursuant to Fed. R. Civ. P. 12(b)(6), rather than [as a defect in federal jurisdiction pursuant to] Fed. R. Civ. P 12(b)(1)") *with Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88-89 & n.6 (2d Cir. 2006) ("Although we have noted that standing challenges have sometimes been brought under Rule 12(b)(6), as well as Rule 12(b)(1), . . . the proper procedural route is a motion under Rule 12(b)(1).").

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### D. Legal Standards Governing Plaintiff's Claim and Defendant's Defenses

Because the parties have demonstrated (in their briefs) an accurate understanding of the legal standards governing Plaintiff's claim and Defendant's defenses, the Court will not recite those legal standards in this Decision and Order, which is intended primarily for the review of the parties.

## III. ANALYSIS

After carefully considering Plaintiff's arguments on appeal, the Court rejects those arguments for each of the reasons offered by Defendant in its appellate brief and the reasons offered by Chief Bankruptcy Judge Littlefield during the parties' oral argument on Defendant's motion. (Dkt. No. 6; Dkt. No. 3, Attach. 19.) To those reasons, the Court adds five points.

First, while Defendant's motion before Chief Bankruptcy Judge Littlefield did not expressly state whether the motion was exclusively one to dismiss Plaintiff's Adversary Complaint for failure to state a claim upon which relief can be granted (i.e., one pursuant to Fed. R. Civ. P. 12[b][6]) or also one to dismiss Plaintiff's Adversary Complaint for lack of subject-matter jurisdiction (i.e., one pursuant to Fed. R. Civ. P. 12[b][1]), the Court finds that the motion was the latter, based on the relief requested in it. As explained above in Part II.C. of this Decision and Order, while a challenge to a litigant's standing may sometimes be raised on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), such challenges are more-often properly raised on a motion for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Second, regardless of whether Defendant's motion was brought pursuant to only Fed. R. Civ. P. 12(b)(6) or also Fed. R. Civ. P. 12(b)(1), the Court may consider the Note, the Mortgage and the PSA attached to Defendant's motion to dismiss. This is because, as explained above in Part II.C. of this Decision and Order, a motion to dismiss a complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be based on documents outside the four corners of the complaint. Moreover, as explained above in Part II.B. of this Decision and Order, a motion to dismiss a complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) may be based on documents incorporated by reference in, or integral to,

the complaint. Here, the Note, the Mortgage and the PSA were incorporated by reference in, or at the very least integral to, Plaintiff's Adversary Complaint. (Dkt. No. 3.) The Court notes that Plaintiff does not sufficiently dispute the authenticity or accuracy of these three documents. (*See generally* Dkt. No. 3, Attach. 15; Dkt. No. 3, Attach. 14; Dkt. No. 3, Attach. 19; Dkt. No. 5.) While consideration of the Mortgage Loan Schedule presents a closer question (in that the Mortgage Loan Schedule was not expressly referenced in the Adversary Complaint), the Court finds the Mortgage Loan Schedule to be integral to the Adversary Complaint, because the Adversary Complaint's theory of liability turns on the *date* on which Defendant had been assigned the Note and Mortgage under the PSA (which date is the subject of the schedule). (*Id.*)

Third, taken together, these four documents plausibly suggest that Defendant came to hold, and be assigned, the Note and Mortgage before the Trust closed in 2004 (i.e., long before the formal assignment in 2009, which appears to be confirmatory in nature, and the re-assignment in 2012, which appears to be corrective in nature). (Dkt. No. 3.) In short, Plaintiff has pled himself out of Court on his claim that Defendant is not the proper owner of the Note and Mortgage.

Fourth, regardless of whether Mortgage Loan Schedule may be considered on Defendant's motion, Plaintiff's claim fails because the PSA (which included a Conveyance of Mortgage Loans from Ameriquest to Defendant dated November 1, 2004, and executed on November 2, 2004) is sufficient to plausibly suggest that the assignment occurred before the Trust closed on or about November 5, 2004. Alternatively, regardless of the PSA, Plaintiff's claim fails because his theory of non-ownership hinges on an alleged break in the chain of title regarding the Mortgage (which purportedly rendered the Mortgage unenforceable). (Dkt. No. 3, at ¶¶ 15-16 [Plf.'s Adv. Compl.].) However, Plaintiff does not have standing to rely on that

15

alleged break due to a lack of factual allegations plausibly suggesting that he suffered an injury resulting from it. Rather, such standing is conferred on one or more third-parties, which have not complained of the alleged break in the chain of title.

Fifth, Plaintiff's failure, between the first date on which he learned of this lack-of-standing argument (on July 11, 2014) and the date on which Chief Bankruptcy Judge Littlefield issued his Order granting Defendant's motion to dismiss (on November 19, 2014), to amend his Adversary Complaint to assert factual allegations plausibly suggesting that he suffered such injury leads the Court to find that it would be futile to *sua sponte* grant him leave now. His counsel certainly did not deny the fact, during oral argument, that he had never been asked to pay the Mortgage by a third-party. (Dkt. No. 3, Attach. 19, at 29-32.) Indeed, it is the position of Plaintiff's counsel that "I don't need injury . . . ." (*Id*. at 31.) This position is not in accordance with the Court's reading of *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79 (2d Cir. 2014), and its progeny. *See, e.g., In re Lake Charles Retail Dev. LLC*, No. 13-44093, 2014 WL 4948234, at *8-9 (Bankr. E.D.N.Y., 2014) (dismissing an adversary complaint because the plaintiff did not have standing to predicate its claims for relief on the defendant's alleged failure to comply with a PSA by transferring a loan package into a trust after the closing date of the trust).

For all of these reasons, Chief Bankruptcy Judge Littlefield's decision is affirmed.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's appeal is **<u>DENIED</u>**, and Chief Bankruptcy Judge Littlefield's decision is **<u>AFFIRMED</u>**.

Dated: September 14, 2015
       Syracuse, New York

                                               Hon. Glenn T. Suddaby
                                               Chief, U.S. District Judge